Pratt, J.
This case presents many difficulties both of fact and law, but considering all the facts and *420 circumstances, I feel constrained to dismiss the comjplaint.
It is true the grounds in controversy were staked out after the commencement of the venture and for the joint use of the parties, and were so used during the continuance of the business.
Whether the stakes were paid for by Housman’s money, does not clearly appear. The time or labor of the defendant did not belong to Housman, except so much thereof as was necessary to procure, plant and market the oysters.
While the parties had oysters upon "the grounds, they were entitled to the protection of the statute {Laws 1866, ch. 404), but when they ceased to have any oysters upon the grounds, their title, if it may be so termed, ceased.
One object of the statute was to encourage the planting of oysters ; and it cannot be that a party can forever exclude every other person from a parcel of such land by merely staking it out. The law looks to the protection of parties in respect to their rights in oysters planted by them and not to creating any interest in the land, independent of its occupation for the purpose of oyster planting.
Neither does the claim of a local custom, help the plaintiff’s case. No custom could give the plaintiff'any prescriptive right as against the State and unless he has some color of title, he can maintain no action for recovery of possession of the ground. , In fact neither party has- any title to the land, but the defendant having placed oysters thereon, can maintain his possession under the statute. It cannot be said that this is á lease, nor is it an asset of the firm in any sense. So long as these parties jointly owned oysters upon this land, each had the same protection, but this, it seems to me, only extended to the oysters and the *421 statutory right or license, whatever id may be called, to occupy the ground for the oyster business.
But the obvious answer io the claim that this land, or lease was a partnership asset, is, that there was no partnership. It was a mere joint venture under a special agreement and whatever cash expenses there were incurred, the same were deducted at the end of each year, before any division was made of the profits ; so that I cannot see, that it makes any difference in the result, whether Housman paid for the stakes or not. The joint agreement had reference alone to the planting and raising of oysters, and not to the acquisition of any rights in land.
When the oysters planted by the parties jointly were taken up, the exclusive right to use the land, of both the parties, ceased, and any person finding the ground entirely unoccupied, had a right to place oysters upon it and claim the protection afforded by the statute.
The fact that oystermen have been accustomed, as between themselves, to assert or acknowledge an exclusive right to possession, of land staked out, cannot have the effect to create or vest any title in or right of possession to the land in any person. The purpose of the stakes, is to designate where oysters are planted and not to show any ownership in the land. When the parties parted with all ownership in the oysters, they surrendered all their right to possession of the land.
I do not think the defendant established his counter-claim.
There should be a judgment for defendant, dismissing the complaint upon the merits, with costs.